STATE OF NEW MEXICO
COUNTY OF SAN MIGUEL
FOURTH JUDICIAL DISTRICT

MARC GRANO, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF TRISTAN LUCERO,

      Plaintiff,

V.

                          CAUSE NO. D-412-CV-2017-00060

MELVIN J. WEESE and
SWIFT TRANSPORTATION COMPANY,

      Defendants.

## AMENDED COMPLAINT FOR WRONGFUL DEATH

**COMES NOW**, the Plaintiff, Marc Grano, As Personal Representative of The Estate Of Tristan Lucero, by and through his attorney of record, RAGSDALE LAW FIRM (Luke W. Ragsdale and Taryn S. Russell), and hereby submits his Complaint for Wrongful death:

### JURISDICTION AND VENUE

1. Plaintiff, Marc Grano resides in San Miguel County, State of New Mexico and was appointed Personal Representative for the Estate of Tristan Lucero on November 14th, 2016.

2. Defendant Melvin J. Weese (hereinafter referred to as "Weese"), upon information and belief is a resident of Washita County, Cordell, State of Oklahoma.

3. Defendant Swift Transportation Company (hereinafter referred to as "Swift"), upon information and belief, is a foreign corporation duly licensed and doing business in the State of New Mexico.

4. This Court has jurisdiction and venue over all the parties and these proceedings, and venue is proper in this Court

5. This action is brought pursuant to the New Mexico Wrongful Death Act, NMSA 1978 41-2-1 et seq.

## GENERAL ALLGATIONS

6. Plaintiff states and reallege the allegations set forth in paragraphs 1 though 5 as set forth above.

7. On October 25, 2016, at approximately 12:30 a.m., Tristan Lucero was walking in the west bound shoulder of Interstate 40 in Guadalupe County, New Mexico.

8. On October 25, 2016, Weese was traveling westbound on Interstate 40.

9. Weese was the owner of the commercial vehicle he was driving.

10. Upon information and belief, Weese was under contract with Swift Transportation for delivery of certain goods or items.

11. On October 25, 2016, while driving his commercial vehicle, Weese struck Tristan Lucero, killing Tristan Lucero.

## NEGLIGENCE OF DEFENDANTS WEESE AND SWIFT

12. Plaintiff states and reallege the allegations set forth in paragraphs 1 though 11 as set forth above.

13. On October 25th, 2016, Weese negligently operated his commercial vehicle.

14. On the above date, Weese was negligent and acted recklessly and with willful and wanton disregard for the safety of other motorists and pedestrians, including Tristan Lucero.

15. With respect to the operation and control of the vehicle he was driving, Weese

failed to keep a proper lookout, failed to keep his vehicle under proper control, failed to pay proper attention, and otherwise ignored the safety of Tristan Lucero and others.

16. As a direct and proximate result of Weese's breach of duty, Tristan Lucero suffered multiple lacerations, abrasions and contusions to his head, core and extremities, as well as skull fractures, facial fractures, rib fractures and a left femur fracture. Blunt head trauma was the ultimate cause of death.

17. Weese had the duty to exercise reasonable care in operating his vehicle.

18. Weese breached the duties owed to Tristan Lucero.

19. Weese's failure to properly operate the vehicle created a foreseeable danger to Tristan Lucero.

20. Swift was Weese's employer. Because he was acting in the course and scope of his employment at all times material hereto Swift is liable for any damages awarded against Weese.

21. Swift's conduct as alleged herein was a direct and proximate cause of the collision with Tristan Lucero and was the proximate cause of the death of Tristan Lucero.

22. Swift owed Tristan Lucero the duty to exercise due care when allowing individuals such as Weese to operate the vehicle in care and normal business of Swift.

23. The above-mentioned conduct of Weese and Swift was malicious, willful, careless, reckless, wonton and grossly negligent, making punitive damages appropriate.

WHEREFORE, plaintiff prays for:

1. Judgment against Defendant Swift;
2. Judgment against Defendant Weese;
3. Compensatory damages in the amount to be determined at trial;

4. Cost of suit;

5. Punitive damages;

6. All pre-judgment and post-judgment interests as allowed by law;

7. Trial by a jury; and

8. For such other and further relief as the court deems just and proper.

          Respectfully Submitted by:

          RAGSDALE LAW FIRM

          By: _____
          Luke W. Ragsdale
          600 Pennsylvania
          Roswell, NM 88201
          575.208.5300
          Attorney for Plaintiff

Case 1:17-cv-00287-SMV-KK   Document 1-2   Filed 03/06/17   Page 4 of 4