IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARC GRANO,

    Plaintiff,

v.                                                            No. 17-cv-0287 SMV/KK

MELVIN J. WEESE and
SWIFT TRANSPORTATION COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the record in this case. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the pleadings, the Notice of Removal, the Corporate Disclosure Statement, and the applicable law, concludes that the record does not appear to support diversity jurisdiction because the citizenship of the parties is not adequately alleged. Therefore, the Court will order Defendants to file an amended notice of removal or other paper alleging the citizenship of each party, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **May 18, 2017**.

## BACKGROUND

On March 6, 2017, Defendants filed their Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 1–2. The Notice asserts that there is complete diversity between Plaintiff and Defendants and that the amount in controversy exceeds $75,000. *Id*. at 2. In support of their claim of diversity of citizenship, Defendants repeat the assertions from Plaintiff's Amended

Complaint that Plaintiff is a "resident" of New Mexico and Defendant Weese is a "resident" of Oklahoma. *Id.* at 1–2 (citing [Doc. 1-2] at 1). Defendants, however, do not allege the citizenship of either Plaintiff or Defendant Weese.

Even though the Amended Complaint names "Swift Transportation Company" as one of the defendants, the Answer refers to "Swift Transportation Company of Arizona, LLC." *Compare* [Doc. 1-2] at 1, *with* [Doc. 2] at 1. In their Notice of Removal, Defendants assert that "Swift Transportation Company of Arizona, LLC is a Delaware Limited Liability Company with its principal place of business in the State of Arizona." *Id.* at 2. Swift's Corporate Disclosure Statement indicates that the sole member of Swift Transportation Company of Arizona, LLC, is Swift Transportation Co, LLC. The sole member of Swift Transportation Co, LLC, is Swift Transportation Company, which is a publicly traded corporation. [Doc. 11]. However, the Court finds no indication in the record of the citizenship of Swift Transportation Company.

**LEGAL STANDARDS**

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b).

Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs*, 781 F.3d at 1234.

## ANALYSIS

Here, the facts set forth in the record do not sufficiently establish the citizenship of the parties. First, the Amended Complaint and the Notice of Removal indicate that Plaintiff and

Defendant Weese are "residents" of New Mexico and Oklahoma respectively and do not mention their states of "citizenship." Next, the record does not indicate the citizenship of Defendant Swift Transportation Company. Because it appears that Defendant Swift Transportation Company is a corporation, *see* [Doc. 11], both the state of its incorporation and the state in which it maintains its principal place of business must be alleged. *See* § 1332(c). If, however, Defendants Swift is actually a limited liability company, the states of citizenship of each and every one of its members must be alleged. *See Siloam Springs*, 781 F.3d at 1234.

The Court will give Defendants the opportunity to file an amended notice of removal or other paper alleging the citizenship of each party. *See generally* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300–02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants must amend the Notice of Removal or file another paper to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **May 18, 2017**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **May 18, 2017**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**