# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MARC GRANO,**

    **Plaintiff,**

**v.**                                                                                              **No. 17-cv-0287 SMV/KK**

**MELVIN J. WEESE and**
**SWIFT TRANSPORTATION COMPANY,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Motion of Larry and Diana Lucero to Intervene in Wrongful Death Action, filed March 29, 2017. [Doc. 10]. Plaintiff responded on April 10, 2017. [Doc. 13]. Defendants responded on April 12, 2017. [Doc. 14]. The Luceros ("Movants") replied on May 15, 2017. [Doc. 28]. Having considered the record, briefing, and relevant law, and being otherwise fully advised in the premises, the Court will GRANT IN PART and DENY IN PART the Motion to Intervene in Wrongful Death Action. Movants may intervene to bring individual claims for loss of consortium against Defendants. They may not intervene to challenge Plaintiff's role as personal representative.

## Background

On October 25, 2016, Tristan Lucero was struck by a truck while walking along Interstate 40 in Guadalupe County, New Mexico. [Doc. 31] at 2. He died as a result of the accident. *Id.* On November 14, 2016, Plaintiff Marc Grano was appointed personal representative of the decedent's estate "for any claims arising out of the wrongful death of the Decedent." [Doc. 10-1] at 4. Shortly thereafter, Plaintiff filed a wrongful death action in state

court against Melvin Weese, the driver of the truck, and Swift Transportation Company, with whom Mr. Weese had contracted to provide delivery services (collectively, "Defendants"). [Doc. 1-1]. Pursuant to the New Mexico Wrongful Death Act, NMSA 1978, § 41-2-1, Plaintiff alleges that Defendants' negligence caused Tristan Lucero's death and requests compensatory and punitive damages. [Doc. 31] at 2–4. Defendants removed the action to this District on March 6, 2017. [Doc. 1].

Movants are the biological father and stepmother of the decedent. [Doc. 10] at 1. They seek to intervene in the wrongful death action on two bases. First, Movants claim that they should be permitted to intervene to challenge Plaintiff's appointment as personal representative of the decedent's estate. Second, they seek to assert independent claims on their own behalf against Defendants for loss of consortium.[1] *Id.* at 2, 9–10.

## Motions to Intervene Under Fed. R. Civ. P. 24

Pursuant to Fed. R. Civ. P. 24, a party may intervene in a lawsuit either through his own right or by permission of the court. The court must permit a party to intervene when the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede

---

[1] In their reply, Movants include as an exhibit a proposed pleading that they identify as a "[c]omplaint that will be filed by counsel for Mr. and Mrs. Lucero in the First Judicial District, State District Court of New Mexico." [Doc. 28] at 9; [Doc. 28-3]. The pleading states claims beyond the wrongful death action and loss of consortium claims against Defendants Weese and Swift that are the subject of the motion to intervene. Namely, the pleading states claims against two new defendants, the New Mexico Department of Public Safety and the New Mexico State Police. [Doc. 28-3] at 2–3. It is unclear to the Court whether Movants intend to intervene in the present action to state these additional claims against the additional parties. To the extent they do, the Court declines to consider them. Movants failed to raise these claims in their motion or even in the body of their reply. The Court considers only the claims Movants raised in their motion pursuant to Rule 24—that is, Movants' challenge to the appointed personal representative in the wrongful death action and their individual claims for loss of consortium against Defendants Weese and Swift.

the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Tenth Circuit has summarized the requirements for intervention as a matter of right as follows: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impair[ed] or impede[d]; and (4) the applicant's interest is [not] adequately represented by existing parties." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (alterations in original) (internal quotation marks omitted).

A movant who does not satisfy the test for intervention as a matter of right under Rule 24(a) may be permitted to intervene under Rule 24(b) if he has a claim or defense that shares a common question of law or fact with the main action.[2]

## Analysis

### Intervention as to Wrongful Death Claim

Movants seek to intervene in this wrongful death action to challenge the appointment of Plaintiff as the personal representative of the decedent's estate. The New Mexico Wrongful Death Act ("Act") provides a cause of action for what "the decedent himself would have been entitled to recover had death not ensued." *Romero v. Byers*, 1994-NMSC-031, ¶ 18, 117 N.M. 422 (internal quotation marks omitted). Lawsuits under the Act must be brought "by and in the name of the personal representative of the deceased person." NMSA 1978, § 41-2-3. The personal representative "is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individual statutory beneficiaries" in order to "centralize the claims and

---

[2] Rule 24 also provides that parties may intervene pursuant to federal statute, but Movants do not argue that any such statute entitles them to intervene in this action.

3

prevent multiple and possibly contradictory lawsuits." *Chavez v. Regents of Univ. of N.M.*, 1985-NMSC-114, ¶¶ 8, 10, 103 N.M. 606. In sum, "[t]he wrongful death act . . . provides a cause of action for the benefit of the statutory beneficiaries to sue a tortfeasor for the damages, measured by the value of the decedent's life, which the decedent himself would have been entitled to recover had death not ensued. *Solon v. WEK Drilling Co.*, 1992-NMSC-023, ¶ 7, 113 N.M. 566.

The proceeds of any judgment are distributed to the decedent's statutory beneficiaries, as prescribed in § 41-2-3. The personal representative serves as trustee for the statutory beneficiaries—that is, the personal representative owes a fiduciary duty to the statutory beneficiaries. *Kretek v. Bd. of Comm'rs of Luna Cty.*, 2013 WL 11977932, at *2 (D.N.M. Mar. 21, 2013) (citing § 41-2-3). A statutory beneficiary may therefore recover damages from the personal representative if the personal representative fails to fulfill his statutory responsibilities. *Id.* (citing *Leyba v. Whitley*, 1995-NMSC-066, ¶ 2, 120 N.M. 768; *Dominguez v. Rogers*, 1983-NMCA-135, ¶ 19, 100 N.M. 605).

Movants do not seek to intervene to assert individual wrongful death claims. They acknowledge that only the designated personal representative may bring a wrongful death action pursuant to § 41-2-3. It is clear, however, that they want to participate in the prosecution of the wrongful death action. They believe the appointed personal representative is doing an inadequate job and seek to intervene in order to have a new personal representative appointed. They claim that, as a statutory beneficiary, Mr. Lucero has an interest in the wrongful death action and argue that Plaintiff will not adequately represent that interest. [Doc. 10] at 3–4, 7–9.

4

In the main, they contend that Plaintiff purposefully kept Mr. Lucero in the dark about his appointment as personal representative and has otherwise failed to involve them and their own retained counsel in the litigation. Movants ascribe nefarious motives to Plaintiff's actions. *Id.* at 8–9. They conclude that this "unfair and inappropriate conduct" suggests that Plaintiff will not adequately represent Mr. Lucero's interest as a statutory beneficiary. *Id.* at 9. They also contend that they—and not the decedent's biological mother, who retained Plaintiff's counsel and had the personal representative appointed—had a parent-child relationship with the decedent, such that excluding them would be detrimental to successful litigation of the wrongful death action. *Id.* at 8.

Both Plaintiff and Defendants oppose the motion. Plaintiff notes that Mr. Lucero cannot bring his own claim under the Act. [Doc. 13] at 2. And, as one of two statutory beneficiaries (the other being the decedent's biological mother), he is already entitled to half of the decedent's estate, including any award to Plaintiff in the instant wrongful death action. *Id.* at 3–4. Plaintiff argues that the failure to notify Movants of or involve them in the proceedings does not render Plaintiff an inadequate personal representative. Defendants likewise contend that Movants have failed to show that they have any legal basis to challenge the appointment of Plaintiff as personal representative. [Doc. 14] at 2–3. They further assert that intervention would be contrary to New Mexico law, which specifically limits who may bring a wrongful death action. Because Mr. Lucero is statutorily entitled to take half of any wrongful death award, they conclude that his interest is adequately represented and he is "not being excluded from the legal process." *Id.* at 8.

The Court agrees with Plaintiff and Defendants that Movants have failed to show they are entitled to intervene on the wrongful death claim. Movants have not shown they are entitled to intervene as a matter of right under Rule 24(a). The first three factors of the test for mandatory intervention are satisfied. First, the parties do not contend that the motion is untimely. *E.g.*, [Doc. 14] at 2. Second, Movants have shown that Mr. Lucero has an interest in the subject of the wrongful death action. As all parties acknowledge, he is a statutory beneficiary under § 41-2-3 and stands to recover half of any damages awarded in the wrongful death suit. Mr. Lucero's economic interest in the outcome of the litigation satisfies this element. *See United States v. Albert Inv. Co.*, 585 F.3d 1386, 1398 (10th Cir. 2009) ("An interest in preventing an economic injury is certainly sufficient for intervention as of right."). Third, his interest may be impaired by the outcome of the lawsuit. This factor is satisfied "when the resolution of the legal questions in the case effectively foreclose the rights of the proposed intervenor in later proceedings . . . ." *Ute Distrib. Corp. v. Norton*, 43 F. App'x 272, 279 (10th Cir. 2002). New Mexico law provides that statutory beneficiaries are bound by the outcome of the wrongful death action brought by the personal representative. *Kretek*, 2013 WL 11977932, at *3 (citing *Chavez*, 1985-NMSC-114).

Movants cannot, however, satisfy the final factor in the test for mandatory intervention—that representation of the proposed intervenors' interest may be inadequate. Representation is adequate "when the objective of the applicant for intervention is identical to that of one of the parties." *City of Stilwell, Okla. v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (quoting *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir. 1986); *Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Reg. Comm'n*, 787 F.3d 1068, 1072–73

(10th Cir. 2015) (where intervenor and party share "identical litigation objectives in the dispute," presumption of adequate representation exists and can be overcome only by a concrete showing of circumstances that the existing representation is inadequate). Movants and Plaintiff share an identical interest by dint of the structure of New Mexico's Wrongful Death Act. As discussed above, the Act mandates that a wrongful death action be brought by a personal representative who acts as the trustee to the designated statutory beneficiaries—and no one else. Plaintiff owes a fiduciary duty to the statutory beneficiaries, Mr. Lucero and the decedent's biological mother, in his pursuit of the wrongful death claim. By law, Mr. Lucero's interest and Plaintiff's interest are identical.

Movants offer two primary arguments as to why they believe Plaintiff will not adequately represent Mr. Lucero's interest, and thus why they should be permitted to intervene to replace him with a new personal representative. First, they contend that Plaintiff's failure to inform Mr. Lucero of the appointment of the personal representative and the filing of the lawsuit, and Plaintiff's subsequent refusal to involve them in the litigation, "raise[] serious doubts as to whether the personal representative, the other statutory beneficiary, and their counsel can adequately represent [Movants'] interests in this matter." [Doc. 10] at 8. Movants argue that Plaintiff's failure to notify them raises due process concerns. [Doc. 28] at 4–5. However, notice of the appointment of the personal representative was not required.[3] Moreover, Plaintiff's refusal to accept assistance from Movants' attorney in litigating the wrongful death claim does not mean Plaintiff is providing inadequate representation. *See Jones v. Prince George's Cty.,*

---

[3] Movants point out that a proposed rule is currently pending before the New Mexico Supreme Court that would require the personal representative to provide notice to all statutory beneficiaries after being appointed. [Doc. 28] at 6–7.

*Md.*, 348 F.3d 1014, 1020 (D.C. Cir. 2003) ("[E]ven if . . . [the personal representative's] counsel has refused to cooperate or share information with [proposed intervenor's] lawyers . . . this alleged deficiency says little about [the personal representative's] representative adequacy for purposes of Rule 24(a)(2). Indeed, we cannot imagine why an existing party would bear such an obligation to a prospective intervenor."); *Spoon v. Mata*, 2014-NMCA-115, ¶ 27, 338 P.3d 113 ("As the sole party pursuing the claims, the personal representative also has the right to choose counsel. . . . [T]he personal representative is vested with control over litigation decisions." (internal quotation marks omitted)).

Second, Movants argue that they shared a close relationship with the decedent and were his primary caretakers. They note that the decedent's biological mother has had "criminal and social issues" and "had a very limited role and thus a limited relationship with [the decedent] during his brief life." [Doc. 28] at 10, 11. Because of this, they contend, "she may have different interest [sic] with respect to this case." *Id.* at 10. They suggest that they are in the better position to aid in the prosecution of the wrongful death claim. Even if decedent's biological mother had some "different interest" in this lawsuit (though it is unclear to the Court what such interest might be), it doesn't matter. The personal representative, not the mother, is responsible for prosecuting this case.

The personal representative in a New Mexico wrongful death action acts as trustee for the statutory beneficiaries. Plaintiff owes a fiduciary duty to Mr. Lucero in the pursuit of a wrongful death award. Plaintiff himself is not a statutory beneficiary. He asserts no claim on his own behalf. And, although counsel for Plaintiff was retained by the decedent's biological mother, the

mother is not a party in this action and does not assert claims on her own behalf. Plaintiff has "statutorily mandated responsibilities" in his pursuit of the wrongful death action. *Spoon*, 2014-NMCA-115, ¶ 19. He can be held liable to Mr. Lucero if he fails to meet those responsibilities. *Id.*; *Kretek*, 2013 WL 11977932, at *3. At bottom, Plaintiff's interest is by statutory definition the same as Mr. Lucero's. Movants therefore fail to show that their interests are not adequately represented. They are not entitled to intervene under Rule 24(a)(2).

The Court further declines to permit Movants to intervene through permissive intervention under Rule 24(b). Permissive intervention is "a matter within the district court's discretion." *City of Stilwell*, 79 F.3d at 1043. Although parties seeking intervention under Rule 24(b) need not satisfy the factors set out in Rule 24(a), courts may use those factors in deciding whether to allow permissive intervention. *Tri-State Generation*, 787 F.3d at 1075. As set out above, Movants' interest in the wrongful death claim is adequately represented by Plaintiff. Additionally, Movants' request to intervene on the wrongful death claim contravenes the spirit of the statute. "The Act's purpose in utilizing a personal representative . . . presents a compelling reason to deny statutory beneficiaries the right to intrude on the role of an otherwise properly appointed personal representative." *Spoon*, 2014-NMCA-115, ¶ 28. Movants may not intervene under Rule 24(b).

<u>Intervention as to Loss of Consortium Claims</u>

Movants also seek to intervene in this lawsuit to assert claims for loss of consortium on their own behalf. A party may assert a loss of consortium claim against a tortfeasor who caused the injury or death of a person with whom the claimant shared a close relationship. *Fitzjerrell v.*

9

*City of Gallup ex rel. Gallup Police Dep't*, 2003-NMCA-125, ¶ 9, 134 N.M. 492. That is, a loss of consortium claim is brought on the claimant's *own* behalf, and not on behalf of a decedent. This distinguishes it from a wrongful death action. Whereas any damages awarded in a wrongful death suit brought by the personal representative of the decedent are distributed to the statutory beneficiaries pursuant to § 41-2-3, damages awarded on a loss of consortium claim accrue directly to the claimant. *See Romero*, 1994-NMSC-031, ¶ 24 ("[D]amages for loss of . . . consortium may not be awarded under the [New Mexico Wrongful Death] Act, but must be sued for by the [claimant] or the personal representative in an individual capacity.").

A claimant must prove two elements to recover on a loss of consortium claim. First, the claimant and the injured person must have shared a sufficiently close relationship. *See Fitzjerrell*, 2003-NMCA-125, ¶ 12 ("A very close and intimate relationship with the injured party is required to pursue an action for loss of consortium."). Courts consider such factors as: "duration of the relationship; mutual dependence; common contributions to a life together; shared experience; living in the same household; financial support and dependence; emotional reliance on each other; qualities of their day to day relationship; and the manner in which they related to each other in attending to life's mundane requirements." *Id.* (citing *Lozoya v. Sanchez*, 2003-NMSC-009, ¶ 27, 133 N.M. 579, *overruled on other grounds by Heath v. La Mariana Apts.*, 2008-NMSC-017, 143 N.M. 657). A qualifying relationship is one that "is intimate, protective, interdependent, and intertwined in functional . . ., financially interdependent, and temporal ways. . . ." *Id.* It is a fact-specific inquiry. *Id.* ¶ 13. Second, the claimant must show there was a duty of care. The claimant must show that it was reasonably foreseeable to the

10

tortfeasor that the harm to the injured person would damage the relationship between the injured person and the claimant. *Lozoya*, 2003-NMSC-009, ¶ 15.

Movants have shown that they are entitled to intervene in this lawsuit to assert independent claims for loss of consortium. Their claims arise from the underlying factual circumstances of the extant wrongful death action—the vehicle accident that resulted in Tristan Lucero's death. Likewise, their interest may be impaired should the action proceed without them. A third-party's interest may be impaired "when the resolution of the legal questions in the case effectively foreclose[s] the rights of the intervenor in later proceedings, whether through res judicata, collateral estoppel, or stare decisis." *Norton*, 43 F. App'x at 279. Resolution of the question of Defendants' negligence, necessary to a holding on the merits in the wrongful death action, could impair Movants' loss of consortium claim. Finally, Movants' interest may not be adequately represented by Plaintiff. For one, Plaintiff does not assert a loss of consortium claim. *See* [Doc. 31]. Additionally, such a claim involves a fact-specific inquiry into the precise nature of the relationship between the decedent and the party asserting loss of consortium. *See Fitzjerrell*, 2003-NMCA-125, ¶ 12. Plaintiff has no duty to pursue that inquiry. In fact, to the extent such an inquiry would divert resources from the prosecution of the wrongful death claim, Plaintiff may have a duty not to pursue it. Plaintiff cannot adequately represent Movants' interests as to their claims for loss of consortium.

Plaintiff's and Defendants' arguments to the contrary are not persuasive. Plaintiff appears to suggest that Movants' interest in intervening to assert loss of consortium claims is insincere. *See* [Doc. 13] at 3. Plaintiff states that "the Estate is without sufficient information or

belief to affirmatively state that Larry Lucero has a loss of consortium claim" and notes that Movants failed to include with their motion to intervene a signed affidavit or sworn testimony establishing any such claim. *Id.* From this Plaintiff apparently concludes that "Larry Lucero desires intervention only to file a Motion to remove Marc Grano as the personal representative." *Id.* In their motion, Movants expressly state that they "each seek to file a claim for loss of consortium . . . . These claims are specific to each person. In light of [the] close parental relationship between the Luceros and [the decedent], their claims could not be adequately represented" by Plaintiff or the decedent's biological mother. [Doc. 10] at 9–10. And in their reply, Movants provide additional information as to the nature of their relationship with the decedent and supply supporting affidavits. [Doc. 28] at 11–12; [Doc. 28-1] at 1–7; [Doc. 28-4]. The Court takes their words at face value. Movants have expressed a clear intention to assert individual loss-of-consortium claims.

Defendants mount a substantive defense to Movants' loss-of-consortium claims. *See* [Doc. 14] at 3–7. As an initial matter, they argue that Movants cannot assert such a claim under the Wrongful Death Act because that statute allows recovery only for the decedent's damages. *Id.* at 3–4. In the main, though, they argue that Movants cannot assert loss-of-consortium claims in their individual capacities because they "have not shown they have a direct, substantial, and legally protectable interest" in such a claim. *Id.* at 4. Defendants argue that Movants fail to show in their motion to intervene that they had a sufficiently close relationship with the decedent and that Defendants owed them a duty of care, i.e., that they satisfy both elements of a loss-of-

consortium claim. *Id.* at 4–7. They argue that New Mexico permits loss-of-consortium claims only in limited circumstances. *Id.* at 4.

Defendants' substantive defenses to the loss-of-consortium claims are not a reason to prohibit Movants from intervening to pursue them. To be sure, they will be required to prove loss of consortium under New Mexico law in order to recover any damages. But they need not prove their claims at this stage. They need only satisfy the requirements of Fed. R. Civ. P. 24, and they have done so. *See Zubia v. Denver City*, 14-cv-0380 JCH/GBW, [Doc. 95] at 4–5 (D.N.M. July 12, 2016) (precluding party from intervening in wrongful death action to assert claims on behalf of the decedent because the party was not a statutory beneficiary, but permitting the party to intervene to assert his own loss of consortium claim); *Spoon*, 2014-NMCA-115, ¶ 2 (permitting intervention to assert loss of consortium claim but affirming denial of motion to be appointed as co-personal representative in wrongful death action).

## Conclusion

Movants may not intervene to challenge the appointment of Plaintiff as personal representative in the wrongful death action. However, Movants have shown that they are entitled to intervene in this action under Fed. R. Civ. P. 24(a)(2) to bring individual claims for loss of consortium against Defendants.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Motion of Larry and Diana Lucero to Intervene in Wrongful Death Action [Doc. 10] is GRANTED IN PART and DENIED IN PART. Movants may intervene to assert their claims for loss of consortium only.

**IT IS FURTHER ORDERED THAT**, within **14 days** of entry of this Order, Movants must file a proposed pleading, pursuant to Fed. R. Civ. P. 24(c), in accordance with the dictates of this Order.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**