IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARC GRANO,

    Plaintiff,

LARRY LUCERO and DIANA LUCERO,

    Plaintiff-Intervenors,

v.                                                                                                     No. 17-cv-0287 SMV/KK

MELVIN J. WEESE and
SWIFT TRANSPORTATION COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff-Intervenors' ("Intervenors") Motion for Declaration Regarding Angie Griego's Rights and Status with Respect to Recovery Under the New Mexico Wrongful Death Act [Doc. 43], filed August 15, 2017. Defendants responded on August 28, 2017. [Doc. 45]. Angie Griego, who is not a party in this action, filed a response on August 31, 2017.[1] [Doc. 49]. Plaintiff did not respond. Intervenors replied on September 11, 2017. [Doc. 57]. Having considered the record, briefing, and relevant law, and being otherwise fully advised in the premises, the Court will DENY the Motion for Declaration.

## Background

Plaintiff, the personal representative of the estate of Tristan Lucero ("decedent"), filed the instant action pursuant to the New Mexico Wrongful Death Act, NMSA 1978, § 41-2-1, alleging that Defendants' negligence caused the decedent's death and requesting compensatory and

---

[1] Counsel for Ms. Griego entered an appearance for the limited purpose of responding to the motion. [Doc. 48].

punitive damages.  [Doc. 31].  Lawsuits filed under the Wrongful Death Act may be brought only by a personal representative, who in turn acts as trustee for the individual statutory beneficiaries.  § 41-2-3.  Intervenors, the biological father and stepmother of the decedent, sought to intervene in the action to challenge Plaintiff's appointment as personal representative and to assert independent claims on their own behalf against Defendants for loss of consortium.  [Doc. 10].  The Court permitted them to intervene for the limited purpose of asserting individual loss-of-consortium claims against Defendants.  [Doc. 36] at 13.  The Court denied their request to intervene to challenge the appointment of Plaintiff as personal representative.  *Id.*  The Court found that their interest in the wrongful death claim was adequately represented by Plaintiff, who had "statutorily mandated responsibilities" to the beneficiaries of any wrongful death award, including Mr. Lucero.  *Id.* at 9 (quoting *Spoon v. Mata*, 2014-NMCA-115, ¶ 19, 338 P.3d 113).

Intervenors subsequently filed the instant motion seeking a declaratory judgment that Angie Griego, the decedent's biological mother, is not entitled to a share of the proceeds of any judgment obtained in Plaintiff's favor in this action.  [Doc. 43].  The recovery scheme of the Wrongful Death Act provides that the decedent's parents recover if there is no surviving spouse or child.  *Id.* at 4; *see also* § 41-2-3.  However, a natural parent who has abandoned or failed to support his or her child may not be entitled to recovery.  Intervenors argue that Ms. Griego abandoned the decedent and thus abdicated her right to recovery under § 41-2-3.  They ask the Court to find the same and terminate her status as a statutory beneficiary.

Defendants contend that the motion is not properly before the Court because requests for declaratory judgment must be brought through pleadings and not by motion.  [Doc. 45] at 2.

2

Defendants further contend that this request is beyond the scope of the limited purpose for which Intervenors were permitted to intervene. *Id.* Finally, they argue that the request is unripe and any disputes over the distribution of wrongful death proceeds to the statutory beneficiaries should be decided only if and when Plaintiff recovers such proceeds. *Id.* at 3. Ms. Griego adopts the arguments of Defendants and disputes Intervenors' contention that she is not entitled to recovery as a statutory beneficiary. [Doc. 49].

## **The Declaratory Judgment Act**

The Declaratory Judgment Act provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).[2]

The Tenth Circuit has described "two separate hurdles"—one jurisdictional, and one prudential—that a party seeking a declaratory judgment must overcome. *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). First, there must be an "actual controversy," i.e., a constitutionally cognizable case or controversy ripe for adjudication. *Id.* An actual controversy exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Columbian Fin. Corp. v.*

---

[2] Intervenors bring their motion for declaratory relief under the New Mexico Declaratory Judgment Act, NMSA 1978, § 44-6-1 to -15, and the federal Declaratory Judgment Act, § 2201. [Doc. 43] at 1. The federal Declaratory Judgment Act is controlling here because it "involves procedural remedies and not substantive rights." *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978); *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938). The Court decides the motion pursuant to § 2201.

*BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (quoting *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007)). Second, even if an actual controversy exists, courts have discretion in deciding whether to issue a declaratory judgment. *Surefoot*, 531 F.3d at 1240. Section 2201 provides "only that district courts 'may'—not 'must'—make a declaration on the merits of [the] controversy," considering a number of case-specific factors. *Id.*

## Analysis

The Court will deny Intervenors' motion for declaratory judgment. As an initial matter, Intervenors' request is procedurally improper because it was sought via motion rather than through a proper pleading, as required by § 2201. Although courts may construe such motions as motions for summary judgment, the Court finds that it would be inappropriate to do so in this instance, particularly given that the motion seeks a judgment against Ms. Griego, who is not a party in this action. Moreover, even if the request for declaratory relief were properly pleaded against Ms. Griego, the Court finds that Intervenors have failed to show the existence of an actual controversy that is ripe for adjudication.

### Intervenors' motion is procedurally improper.

The Court notes at the outset that Intervenors' motion is procedurally improper. The Declaratory Judgment Act provides that a court may grant declaratory relief where a party files "an appropriate pleading." § 2201(a). A "pleading" under the Federal Rules of Civil Procedure is either a complaint or answer to it; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint or answer to it; or, if the court orders one, a

reply to an answer. Fed. R. Civ. P. 7. The Federal Rules "govern the procedure for obtaining a declaratory judgment" under § 2201. Fed. R. Civ. P. 57.

Courts and commentators have concluded that an action for declaratory judgment is "an ordinary civil action" subject to the Federal Rules. *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 455–56 (S.D.N.Y. 1995) (internal quotation marks omitted) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2768 (1983)). A party may bring an action for declaratory judgment but may not make a motion for declaratory judgment. *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010); *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009); *see also Redmond v. Alexander*, 98 B.R. 557, 559 (D. Kan. 1989) (denying a "motion for declaratory judgment" where the moving party "cite[d] no authority whereby the court could find appropriate a request for declaratory relief contained in a pre-answer motion"). A motion for declaratory judgment is thus "inconsistent with the Federal Rules." *Kam-Ko Bio-Pharm Trading*, 560 F.3d at 943 (internal quotation marks omitted).

Considering this authority and finding no contrary authority within the Tenth Circuit, the Court finds that Intervenors' motion for declaratory judgment is not cognizable. Intervenors contend that this "procedural technicality" should not preclude the court from issuing declaratory relief. [Doc. 57] at 7. It is true that courts have saved otherwise invalid motions for declaratory judgment by construing them as motions for summary judgment on a declaratory judgment action. *See, e.g., Kam-Ko Bio-Pharm Trading*, 560 F.3d at 943 (upholding the district court's

decision to construe a motion for declaratory judgment as a motion for summary judgment); *Doe v. Ed. of Cty. Comm'rs of Craig Cty.*, 2012 WL 2872790, at *3 (N.D. Okla. July 12, 2012) (construing Plaintiff's motion for declaratory judgment as a "motion for summary judgment on his request for a declaratory judgment"). However, the Court finds it would be inappropriate to do so in this case.

The motion does not comport with the requirements of a summary judgment motion. For example, Intervenors do not argue the burden of proof through the summary judgment lens. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). More to the point, though, the dispute over which Intervenors presently seek resolution via declaratory judgment is between Mr. Lucero and Ms. Griego. Intervenors seek a declaration that Ms. Griego has terminated her rights to recover under the Wrongful Death Act because, as they allege, she abandoned and failed to provide for the decedent during his lifetime. *See* [Doc. 43]. Though Ms. Griego, through counsel, responded to the motion for declaratory judgment, she is not a party to this action. Intervenors do not request that she be made a party. They fail to address whether, pursuant to the Federal Rules, Ms. Griego could be joined in this action or their request for declaratory judgment added as a claim. Nor do they allege that the Court has subject-matter jurisdiction over this dispute. *See McConnell v. Glenn's Trucking*, 02-cv-0232 MCA/LAM, [Doc. 45] at 7 (D.N.M. May 28, 2003) (denying plaintiff's motion for summary judgment declaring that father was not entitled to portion of settlement award from wrongful death claim, but permitting plaintiff to amend the complaint to add a claim against the father for declaratory relief "[i]nasmuch as [the mother and father] appear to be of diverse citizenship" or the court

could exercise supplemental jurisdiction over the claim). The motion is procedurally improper, and the Court declines to construe it in a way that would save it.

**Intervenors fail to show an actual controversy that is ripe for review.**

The moving party bears the burden of showing that an actual controversy of sufficient immediacy exists such that the request for declaratory relief is ripe. *Cardinal Chemical v. Morton Int'l*, 508 U.S. 83, 95 (1993). Courts must consider "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Payne v. Wilder*, 2017 WL 2257390, at *39 (D.N.M. Jan. 3, 2017) (quoting *Jackson v. Whetsel*, 388 F. App'x 795, 802 (10th Cir. 2010)). "Often, contingent controversies are rendered hypothetical and moot by subsequent factual or legal developments." *Public Serv. Co. of N.M. v. City of Albuquerque*, 755 F. Supp. 1494, 1497 (D.N.M. 1991). Courts must also consider "whether the challenged action creates a direct and immediate dilemma for the parties." *Payne*, 2017 WL 2257390, at *40 (quoting *Jackson*, 388 F. App'x at 802); *see also Public Serv. Co. of N.M.*, 755 F. Supp. at 1497 ("Whether or not a question is ripe for decision requires an examination of the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." (quoting *ACORN v. Tulsa*, 835 F.2d 735, 739 (10th Cir. 1987))).

The contingent nature of a dispute is not necessarily a bar to relief "when the circumstances reveal a need for present adjudication." *Allendale Mut. Ins. Co. v. Kaiser Eng'rs*, 804 F.2d 592, 594 (10th Cir. 1986). In *Allendale*, for example, the Tenth Circuit held that an "actual controversy" existed between an insurer and third-party tortfeasor at the time judgment

7

was entered against the insurer, even though the judgment had been appealed. *Id.* at 594–95. The court found that, given the statute of limitations on the subrogation claim, failure to decide the controversy would force the insurer to choose between "giving up its right to appeal" the judgment against it in state court and "giving up its subrogation rights" against the third-party tortfeasor. *Id.* at 595; *see also MedImmune*, 549 U.S. at 121–25 (actual controversy existed between patent licensee and patent holder as to the enforceability of the patent because, even though there was no indication that patent holder would bring a lawsuit against patent licensee, licensee was forced to either continue to pay royalties or risk paying treble damages if the patent were ultimately deemed valid); *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (finding existence of a "direct and immediate dilemma" for the plaintiff because failure to evaluate the constitutionality of the statute in question meant that he would have to "risk prosecution, under a statute whose scope is unclear, before his challenge to the constitutionality of that statute is ripe").

Intervenors cite no case law in support of their position that the dispute is ripe for review.[3] *See generally* [Doc. 57] at 3–7. They maintain, however, that there is a need for

---

[3] Intervenors assert that the Court "has authority to issue a declaration" regarding the statutory beneficiaries' right to recovery under the Wrongful Death Act, citing New Mexico case law for this proposition. [Doc. 43] at 8 (citing *Perry v. Williams*, 2003-NMCA-084, 133 N.M. 844). However, whether the Court may issue declaratory relief is a matter of federal law, not state law, as discussed *supra*. *See Jones*, 570 F.2d at 1386. Moreover, in *Perry*, the case Intervenors cite, the New Mexico Court of Appeals considered a petition for declaratory judgment of the parents' right to recovery following a settlement under the Wrongful Death Act. 2003-NMCA-084, ¶¶ 2, 11. Other New Mexico state court cases likewise seem to contemplate a scheme whereby statutory beneficiaries may file suit to recover proceeds following a settlement or judgment in favor of the personal representative. *See Dominguez v. Rogers*, 1983-NMCA-135, ¶ 19, 100 N.M. 605 ("Appellant['s] inability to intervene at this time does not . . . preclude him from bringing *a separate action* for a declaratory judgment and other appropriate equitable relief or from bringing *a separate suit* against the personal representative as the statutory trustee to recover his claimed share of the judgment or settlement proceeds." (emphasis added)); *Spoon*, 2014-NMCA-115, ¶ 29 (duties of personal representative and his or her counsel include "their duties to ensure that [statutory beneficiary] receives a proper allocation of any recovery from the wrongful death action.").

immediate adjudication of this issue because, as they see it, Ms. Griego's ongoing participation in this case may be detrimental to the success of the wrongful death action. Intervenors allege that she is involved "in the prosecution and strategic decision-making of this case." *Id.* at 4. Her involvement, they contend, "will not only affect the direction of this case, but may negatively impact any damages ultimately awarded." *Id.* Intervenors believe that Ms. Griego's interests "are not necessarily the same as [those of] the other entitled beneficiary, Mr. Lucero, as established by her lack of involvement" in the decedent's life. *Id.*

Intervenors' argument is unavailing. Resolution of the dispute as to who is entitled to recover a portion of the wrongful death award will become necessary only if and when there is an award of damages in the first place. It is contingent on a legal development that may never materialize. Even if the Court were to find that the dispute was sufficiently likely to arise, Intervenors fail to show that it presents an "immediate dilemma" such that a delay in resolution of the issue would impose a hardship on them. Intervenors maintain that adjudication is presently necessary to preclude Ms. Griego's further involvement in the prosecution of the case because they believe she has interests that are adverse to their own. But they ignore or otherwise misapprehend the contours of the Wrongful Death Act and the role of the personal representative in prosecuting a claim thereunder.

The personal representative acts as trustee for the statutory beneficiaries and owes them a fiduciary duty. *See Leyba v. Whitley*, 1995-NMSC-066, ¶ 2, 120 N.M. 768; *Dominguez*, 1983-NMCA-135, ¶ 19. Although Intervenors allege that Ms. Griego's interests in the litigation are "not necessarily the same as" theirs, it is immaterial. Ms. Griego is not prosecuting the

wrongful death action. Neither, for that matter, is Mr. Lucero. That responsibility belongs to the personal representative alone. Whatever Ms. Griego's alternative interests may be, the personal representative has a statutorily mandated obligation to adequately pursue the wrongful death action. To the extent Ms. Griego has interests that are in opposition to the successful pursuit of this claim (though, because she stands to recover a portion of any wrongful death award, the Court cannot imagine what such oppositional interests might be), they are not material to the personal representative's pursuit of the wrongful death claim. *See Dominguez*, 1983-NMCA-135, ¶ 15 ("We note that [the mother's] interest, if any, is identical to that of the personal representative. She would certainly have every reason to recover as large an award as possible.").

Intervenors have failed to articulate any material reason why Ms. Griego's status as statutory beneficiary bears on the adjudication of the wrongful death claim. They fail to show that delayed resolution of the question will harm them. There is no need for present adjudication of this issue. Intervenors fail to show the existence of an actual controversy of sufficient immediacy such that the request for declaratory relief is ripe.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff-Intervenors' Motion for Declaration Regarding Angie Griego's Rights and Status with Respect to Recovery Under the New Mexico Wrongful Death Act [Doc. 43] is DENIED.

**IT IS SO ORDERED**.

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**